**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No. 8:26-cv-01214-DOC-DFM                    Date:  June 8, 2026

Title: John Lemos v. Verizon Wireless Services, LLC et al

---

PRESENT:                    <u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>Karlen Dubon</u>                                      <u>Not Present</u>
Courtroom Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFF:                                          DEFENDANT:
None Present                                        None Present

---

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

**I.     Background**

John Lemos ("Plaintiff") alleges that Verizon Wireless Services, LLC ("Defendant" or "Verizon") inaccurately reported a balance of $589 on Plaintiff's credit report after Plaintiff returned a device to Verizon in October 2023. *See generally* Complaint ("Compl.") (Dkt. 1-1); Notice of Removal ("Not.") (Dkt. 1).

In October 2023 Plaintiff spoke with Defendant to issue a refund on a device he had and was instructed to return the device to Defendant's returns processing center. Compl. ¶¶ 20-21. Once the device was delivered Plaintiff alleges that Defendant Version was supposed to issue a refund on Plaintiff's account. *Id.* ¶ 22. After Plaintiff mailed the phone back to Verizon, Plaintiff alleges that his account balance was $0.00. *Id.* ¶ 28. Despite receiving the return, Plaintiff alleges that Defendant continued to report a balance associated with Plaintiff's account. *Id.* ¶ 29. Plaintiff alleges that Defendant furnished information to credit agencies that Plaintiff had a past due balance of $589. *Id.* ¶ 30. Plaintiff also alleges that on a monthly basis Defendant furnished inaccurate information

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01214-DOC-DFM                                    Date: June 8, 2026
                                                                 Page 2

to each of the credit reporting agencies despite Plaintiff having no balance on the account. *Id.* ¶ 32.

Plaintiff alleges that each time Defendant furnished inaccurate information about the account to the credit reporting agencies there is a separate and distinct violation under California Consumer Credit Reporting Agencies Act ("CCRAA"). *Id.* ¶ 34. Plaintiff alleges that Defendant committed no less than seventy-two (72) separate and distinct violations of the CCRAA. *Id.* ¶ 35. Despite Plaintiff's repeated communications to Defendant and providing proof that Defendant received the device on October 19, 2023, Plaintiff alleges that Defendant continued to furnish inaccurate data to the credit reporting agencies. *Id.* ¶ 38-39.

Plaintiff brings two claims of action for violations of the Rosenthan Fair Debt Collections Practices Act ("RFDCPA") and violations of CCRAA. *Id.* ¶ 45-52.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on April 7, 2026. Not. at 1. On May 15, 2026, Defendant removed the action to this Court, asserting diversity jurisdiction. *See generally Id.*

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01214-DOC-DFM                                          Date: June 8, 2026
                                                                                          Page 3

federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01214-DOC-DFM                                    Date: June 8, 2026
                                                                                    Page 4


If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.   Discussion

Defendant argues that this Court has diversity jurisdiction in this action. Not. at 2. The Court disagrees.

Defendant has not met its burden to show that the amount-in-controversy requirement is satisfied. Defendant contends that Plaintiff seeks punitive damages of "$5000 per violation pursuant to the CCRAA" and that Plaintiff alleges Defendant committed "no fewer than seventy-two (72) separate and distinct violations of the CCRAA." Not. at 4. Defendant then concludes that the statutory punitive damages rate of $5,000 per violation would alone total $360,000. *Id.* Putting aside Plaintiff's supposed punitive damages rate, Defendant has offered no facts demonstrating that the violation will surpass the amount-in-controversy threshold. The CCRAA, Cal. Civ. Code § 1785.31(a)(2)(B), sets a range of damages for violations: from one hundred dollars ($100) to a maximum of five thousand dollars ($5,000) for each violation the court seems proper. Cal. Civ. Code § 1785.31(a)(2)(B). In short, Defendant provides no factual support for its claim that Plaintiff's punitive damages will reach the maximum damage amount per violation. Even if the amount were to be calculated at $1,000 per violation, punitive damages would only reach $72,000. Accordingly, Defendant has not shown by a preponderance of the evidence that the jurisdictional minimum is satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699.

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[1] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around

---

[1] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01214-DOC-DFM                                    Date: June 8, 2026
                                                                                                  Page 5

$150,000. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

## IV.    Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County. Accordingly, the Scheduling Conference set for 8/3/2026 is VACATED.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                    Initials of Deputy Clerk: kdu
CIVIL-GEN